## STATE OF OREGON *v.* UNSWORTH
### 384 P. 2d 207

*O. W. Goakey* and *Philip J. Engelgau,* Klamath Falls, argued the cause and filed a brief for appellant.

*Samuel A. McKeen,* Klamath Falls, argued the cause for respondent. With him on the brief were Dale T. Crabtree, District Attorney, and J. R. Thomas, Klamath Falls.

Before McAllister, Chief Justice, and Perry, O'Connell, Goodwin and Lusk, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of conviction for the crime of second degree murder.

Defendant was indicted on April 26, 1962. He entered pleas of not guilty and not guilty by reason of insanity. Prior to trial plaintiff and defendant had stipulated that Dr. Henry Dixon, Jr. should be retained to examine the defendant to determine if he was insane or mentally defective on April 15, 1962, the day of the alleged murder. Dr. Dixon examined defendant and concluded that his mental impairment was such that he was unable to assist in his own defense, and further, "That according to McNaghten's formula that he could not distinguish right from wrong at the time of the commission of the above described act."

On May 23, 1962 the trial court, acting pursuant to ORS 136.150, ordered a hearing to determine defendant's mental condition. At the hearing defendant was examined by Dr. Dixon, Dr. Wayne Esperson and Dr. Seth Kerron. Defendant and his counsel were present at the hearing.

Defendant assigns as error the admission of hearsay evidence. Dr. Dixon had been called as a witness for the defense. On direct examination he testified that the hearing on May 23, 1962 confirmed his previous findings as to defendant's mental incompetence. On cross-examination Dr. Dixon was permitted to testify, over objection, as follows:

"MR. McKEEN: Do you know what were the opinions expressed by the other doctors [i.e., by

Drs. Esperson and Kerron after their examination at the hearing]?

"* * * * *

"DR. DIXON: Dr. Kerron stated the opinion that he [defendant] was an alcoholic and that he was able to assist in his own defense. *. * * Dr. Esperson expressed an agreement with Dr. Kerron as it went down the line."

Dr. Kerron was called as a witness for the state. He testified that upon the basis of his examination he was of the opinion that defendant was able to assist in his defense and knew right from wrong. He further testified, over objection, as follows:

"MR. McKEEN: Was there an opinion expressed in the hearing from Dr. Esperson within your hearing?

"DR. KERRON: Yes.

"* * * * *

"MR. McKEEN: What opinion did you hear expressed by Dr. Esperson?

"DR. KERRON: Dr. Esperson concurred in the opinion that this man knew right from wrong and was able to aid in his own defense."

Dr. Esperson was not called as a witness. His statement of opinion concerning defendant's mental competence was hearsay. The fact that this statement was made in a previous proceeding does not of itself render it admissible. ORS 41.900 (8) permits the use of testimony of a witness given in a former proceeding only if the witness is "deceased, or out of the state, or unable to testify." Dr. Esperson was available to testify during the trial of defendant.

■■ The admission of Dr. Esperson's statement over defendant's objection is reversible error.① De-

_____

① State v. Livingston, 233 S C 400, 105 SE2d 73 (1958).

fendant's sanity was an issue of primary importance. Defendant had the burden of proof on that issue. The opinion of Dr. Esperson may have constituted the decisive evidence detrimental to a successful defense. With defendant's liberty at stake, we shall not indulge in the assumption that the jury would not be influenced by this testimony. It is, therefore, necessary to order a new trial.

Reversed and remanded.